Good morning everyone. Welcome to the Ninth Circuit and today's oral arguments. I'm Judge Sanchez and with me are Judge McEwen and Judge Paez and we have a few cases on calendar with one submission, United States v. Joan V. Bailey, Joan Bailey et al. And the first case we're going to hear argument on is Zoe Hollis v. R&R Restaurants, Inc, case number 24-2464. I want to remind counsel that we've closely read your briefs and are very familiar with the arguments so please confine yourselves to the most pertinent points and if you want to request time for rebuttal please let us know in advance. Counsel, you may begin. If you may please the court, John Christensen on behalf of the appellant and I'd like to reserve five minutes, Your Honors, if I can and thank you so much for allowing me to appear remotely while I'm in treatment and made things very easy and helpful for my family. And with Your Honor's statement that you want me to keep things brief and to the point and I reviewed the briefs in preparation for today and there's one point that I think maybe wasn't directly addressed but is brought up everywhere. The statute itself says 15a3 is a violation for any person to discharge or in any other manner discriminate against any employee. In an arius the analysis was who is any person. Here the real analysis for this court is going to be any employee and we think that the district court failed to take that into account because they didn't, the district court and the magistrate never analyzed whether or not the appellant was an employee of Sassy's only of the place where she was retaliated against which was at Dante's. Can I ask you a question? Absolutely. Something that's kind of caught my attention as I was reading over the material and the cases. There's a case called Arius versus Raimundo? Correct. And the magistrate judge cited it but didn't really give it much credence as applied to this case. I tend to agree with you, Your Honor. The magistrate judge said well there was an employment relationship in that case and so we don't we don't have to, it doesn't really help here, it doesn't really make any difference. I don't think that helps. So let me just ask you this. Isn't there more to Raimundo or to Arius than the magistrate judge gave it? There absolutely is and I appreciate that, Your for a defendant saying any person can retaliate against somebody who makes a claim. And in that case it was pretty clear that the any person, the lawyer, by tipping off ICE to deport somebody was retaliating against somebody for making a claim regarding their employment condition. Now there had been, clearly there had been an employment relationship, right? At one time there was. There was. In our case there was a employment relationship between Hollis and Sasse's. So let me ask you that the problem I'm having, not the problem but the interpretive issue it seems to me, I don't have any problem with any person because Mr. is it Felacio or whatever his name is, he's a person and he qualifies. But the question is she was retaliated against at Dante's not Sasse, correct? Correct. Okay. So how with respect to the statute she's discharged or retaliated against as an quote employee of Dante? Is that right or no? Not as an employee, as a former employee of Sasse's. And that in the specific term in the statute says any employee. That means past employee. And what's, you got to go back and look at the area's decision where the court took analysis from the US Supreme Court in a Title 7 case, which we do for interpretations of FLSA cases, and they did an analysis and they looked at it and they said that for these reasons we conclude that the Title 7 substantive provisions and it's anti-retaliation provisions are not codominious. The scope of the anti-retaliation provisions extend beyond workplace-related or employment-related retaliatory acts in harms. So here if they're, it's a former employee and they're being retaliated afterwards, then they still have a claim. Let's say that we have somebody from Starbucks, that's any person, and somebody waltzes in to get a job and the Starbucks person finds out, oh my god this lady's filed one or two of these kind of FSLA or other kind of suits. I'm not going to hire her because I don't really like having potentially disruptive employees. Would that be covered by the statute? It would and good luck proving the correlation and causation in that case. You're not going to be able to find it, that's why you don't have those cases percolating coming up. I was gonna ask, what about the fact that in Arias there was also a pending FSLA claim against the Angelo Dairy employer, whereas here the claim was dismissed as time-barred against sassies. Does there need to be a pending claim against the employer for the retaliation claim to go forward? No, and then you're gonna get in concerns because then it's gonna be a question of whether the only people that can bring a retaliation claim would necessarily be in a circumstance like my client where her underlying claim, while she didn't win on it, it had merit when the issue came to the willfulness aspect in the extension of the statute of limitations from two to three years. If you're gonna get to the point where you're saying, well you have to be contemporaneous in other FLSA claim to bring the retaliation claim, you're gonna limit the scope of the retaliation statute and they're two different animals, as the night sergeant explained in Arias. So let me see if I really understand your claim, or her claim. Phallus was an owner of, part of the ownership group of sassies, is that right? That is correct. And she claims that in her misclassification suit that she was actually an employee, not an independent contractor of sassies, is that right? That is correct, your honor. And she alleges that, Phallus, is that how you say it? I'm not sure how you say it. That he was the owner of sassies, I mean of Dante's, is that right? Correct. And that she had, so therefore, that, as I understand it, that's the connection, is that when she then sued for the misclassification, she alleges that Phallus retaliated against her by terminating her contract at sassies, is that right? Is that, is that the whole theory? Terminating her contract at Dante's. At Dante's, I'm sorry, keep getting them confused, but at Dante's, yes. Is that, is that the whole, is that? Yeah, he admitted it too, and it's in writing. No, but I mean, is that the whole structure of your claim? Yes. Well, can I, let me, let me follow up on Judge McEwen's hypothetical about the Starbucks example, because as I read the statute, it seemed, or at least as, when I read Arias, doesn't, it seems to also require that the retaliator is acting in the interest of the employer. So there's some connection between the person who's doing the retaliating and the employer who, that the FLSA claim is against. So at least for the Starbucks example, that, unless there's a connection to someone, that wouldn't be enough to, to file a claim for retaliation. But I, I take it here, you're saying that the, that the defendant, Feliz, is connected because he was a partner with, with Sassy's. Is that, is that right? Yes, and the claim is against him. So he is a, he was a member of Sassy's, and he specifically said, I am one of the partners in Sassy's. And but he told me that he was retaliating against her. And do you agree that there also has to be some connection that the retaliator is acting in the interest of the employer? I think that when it says any person, if someone wants to retaliate against somebody for something else, I don't know if it's limited to that. You're going to have a hard time finding somebody and having a hard time proving causation in those circumstances. And I don't think it's necessarily limited to that. Well, that we've focused on the definition of employee, but the definition in the statute of employer includes any person acting directly or indirectly in the interest of an employer. So in that case, if you look at the definition of the statute, is Feliz acting both in the interest of an employer at Dante and at Sassy? I think you can absolutely make that sense What he's doing is he's further serving as a deterrent to anybody else to make that type of a claim. If you do this, you're not going to be able to work in any other clubs in town. And that would serve as a deterrent and to discourage people from making those types of claims. But the claim, as I read the statute under subsection 3, the claim that an employee filed doesn't have to relate to that person's status as an employee where the person was discriminated against or discharged, right? Correct. So in that case, again, if you're an employer and you see an employee who's a filer and you won't hire them or discharge them, it doesn't matter that their complaint made previously had nothing to do with your business. Is that right? Or do you have to have a nexus? Well, I have the nexus. No, no, that's not the question. Do you have to have the nexus? I think you're going to still need to show the but-for causation. In a case, you're going to have to have, they made a claim that they were retaliated against in some circumstance and also that it was because they made the claim. You're going to have to show that. That's part of any retaliation. Well, it says because they filed any complaint. It doesn't say any complaint against that employer or any complaint. I think you're adding more fuel to my argument. I'm not adding anything. I'm trying to interpret the statute. Well, I appreciate it. I don't mean to be putting any words in your mouth, Judge McCain. Let me back up in one essence. I think the magistrate's ruling kind of ignores a lot of it, and it helps. I try to bring this up. It also goes, it's consistent with the analysis of the Supreme Court of Burlington, which we should be considering, which said it doesn't have to be a workplace-related retaliation. If a former employee makes a claim against their old place, I don't work there anymore, but you didn't pay me overtime. Then they go and send somebody, one of the owners comes in and kneecaps someone, does a galooly, like in the Tonya Harding circumstance. That person gets their knee hit. That's still retaliation. We hit you in the knee because you sued us for overtime. The circumstance here is, he didn't hit her in the knee, but he still took a contract away from her, still precluded her from making money somewhere else. The anti-retaliatory statute in a remedial situation is meant to preclude these types of actions. How many of the cases are there going to be where somebody sues a former employee? It's not limited to just current employees, and it's any type of complaint, just like the court said, and it's any employee. It's a broad statute. Yeah, I don't think you need to kneecap, obviously, to discriminate or to discharge, but if she goes to another dance club, not the Dante Dance Club, and she applies for a job, these guys are friends of Felice and Buddy's, and they say, well, Felice here was very honest as to why she wasn't being hired, and these guys are equally clueless on what one might say and say, you know, I'm not going to hire you because you sued that other dance club. Would she have a claim against a new employer or the prospective employer? Yeah, they said that out loud. That would show the element that I need to show, which is that issue is the retaliation element. But she doesn't, so that comes back, though, to interpreting the statute. Under that scenario, there doesn't need to be any nexus between the complaint she filed and the new people or the new employer, right? It's just any complaint. That would be a hypothetical that we don't have here. I understand that. Otherwise, it wouldn't be hypothetical. Yeah, and, well, I think that's relevant here because I do have one of the partners at SASE who retaliated. And I'm not asking the court to, I'm not saying that Mr. Court, which didn't make that statement, didn't do that. Let me, could I just follow up on that? It's a good question. It's a good question, but your answer is not quite precise. Yes, not quite precise. Let me just follow up on, add a little further twist to Judge McEwen's question. So in Judge McEwen's question, she posited a situation where Ms. Hollis just goes to some other club and they say, hey, we're not going to hire you because you sued SASE for misclassification and we don't want you here. Would she, to prevail, would she have to prove that they did that in furtherance of the interest of SASE? I mean, what if, what if they just, you know, it was in the community. They just knew that, you know, there was this lawsuit and Ms. Hollis was the one who filed it. Did they have to prove, would she have to prove, would she have to prove that they were, that when they wouldn't hire, that they were doing that to further the interest of Dante's, where she was an employee? I don't think the statute says that. I don't. So the answer to Judge McEwen's question should have been, yes, Judge McEwen, you're right. You're correct, Your Honor. I'm here in this office. I guess we're going to take you over a little bit because I need to follow up with that. Arias was about the employer's lawyer retaliating against the plaintiff there, you know, calling ice and arranging for things. And so clearly that lawyer was never an employer of the plaintiff. But Arias does talk about, and the statute defines an employer or defines an employer to include any person acting directly or indirectly in the interest of an employer in relation to an employee. That's, you know, that's the hook for creating a private right of action to go against someone who's retaliating against. So if you don't think that there needs to be a connection to the, or acting in furtherance of the interest of the employer, what is your statutory hook for your argument that it doesn't have to be that way? Well, I do have that because Fallius... But it's not, whether you have it or not, I think we're trying to understand what the appropriate rule of decision should be in interpreting the statute. And so it's, you may have it, but just, is that a requirement for a retaliation claim is what I'm getting at. I think it's inherent in the retaliation that it has to be because they, it's a question of what's your retaliation? Is it to send a message for, you messed with my old club, or I'm not going to let you do anything like that in the future? So who, in this case, if we were to determine that the statute has been incorrectly interpreted and it would need to go through, would you take the Hollis versus Sasse suit as to whether she's an employee or an independent contractor? And that is actually a suit that's now been time-barred. So would she be litigating the underlying facts of a time-barred lawsuit? That goes back to the question whether I need to prove the underlying FLSA claim. And as long as it has merit, when you bring the complaint, you can be retaliated against. No, but she has to be an employee of someone. And so, and who is she an employee of? Sure. She was an employee of Sasse's and Mr. Flass. Okay. So, but then she would have to, if I'm just trying to understand if it goes back, you know, the district judge can say, now what? So does she then have to prove that she was an employee? Because there's obviously a dispute about that. Yeah. And the court, the magistrate avoided that entire argument. And I produced... No, my question is actually pretty simple. It's more of a procedural one. Yes. We can go back. What do you have to prove if you go back? Well, we have to show that she's an employee of somewhere and... And that somewhere is... She was retaliated against by someone for making her claim, the underlying claim. So she would have to prove, and you keep saying the employment relationship is with Sasse. So she would be having to prove a claim that has been time barred in effect, right? No, not necessarily. It's part of it, whether it's actionable is correct, but that's for the willfulness. But she still has to prove that she's an employee. You just wouldn't be asking for any damages for wrongful misclassification. Correct. You'd classify her one way or the other in the district court. You'd come to a resolution, right? Yeah. And I'd like to... I think the evidence was absolutely overwhelming that she was an employee. Okay. Well, I think we've heard quite a bit. Let's hear from R&R Restaurants, and we'll give you a little bit of time for rebuttal. Thank you. You may be muted. Unmute. Good morning, your honors. May it please the court. My name is Anthony Kachoulis, and I will be arguing on behalf of the respondent, Falachi. Based on the court's points from the exchange that just occurred, it seems like there's two big issues here. One, whether plaintiff can bring claims of retaliation under 215 if they cannot establish employment status of any kind. Plaintiff's preferred pronouns were they, them, so I'm going to use that as best I can. If I slip, it's apologies. So under... The court correctly identified that under 215, the plaintiff must establish an employment relationship with someone somewhere at some time. The claim that Sassy's misclassified plaintiff is time barred, and our position is the plaintiff cannot go back and relitigate that for the discrete issue of whether it was retaliation. We supported that argument with Allred v. City of Granada, which is a non-lawful FLSA agreement with the employer. That claim, even though they continue to be paid less than under that agreement, could not be relitigated because the court would not go back and reopen that issue of the coercion, even though it might have related to some later damages or remedy available. How do you get around ARIAS? Because there, we are very clear that you can file a retaliation claim against someone who is not and has never been an employer of the plaintiff, right? This was a lawyer who was acting at the behest of the employer, and it seems to me at least that the magistrate judge didn't really grapple with that in deciding that because appellant was not an employee of Dante's, that that closed everything off. That seems wrong to me. Thank you, Your Honor. ARIAS is very distinguishable. We believe the district court correctly held that even under ARIAS, there has to be some employment relationship established for there to be a recovery. No employment relationship with SASE was established by plaintiff, and plaintiff seeks to strip ARIAS of all of its limiting principles, frankly. The undisputed facts... But the magistrate never engaged in an analysis of whether appellant was an employee of SASE's. If we were to send this back and appellant is able to establish that they were an employee of SASE's, wouldn't that fit into the ARIAS framework of allowing a retaliation claim? Your Honor, it was brought up during the last argument that it still would not based on the fact that Mr. Fallaci was not acting as an agent of SASE's with respect to making a legitimate business decision for who could do a one-off performance at a variety show at a bar called Dante's. ARIAS had been employed by Angelo Derry. That was established, but also it was more clearly established that the attorney was acting as Derry's agent. Mr. Fallaci's email, frankly, is well put and sets forth the legitimate business reasons that under McDonnell-Douglas should be considered as an alternative basis for supporting the district court's decision that it was a business decision to not... I mean, that seems at least to be a tribal question. The email directly mentions that he's a partner at SASE's and that he received the class action complaint and then he goes and pulls back the contract. So there's at least a tribal dispute whether he was doing this in the interest of SASE's, isn't there? I mean, you know, be careful what you write when you go against what your lawyers tell you to do, I suppose might be one takeaway. Fair enough, fair enough. So the legitimate business interest of Mr. Fallaci in holding on plaintiff performing this one-off and tell some clarity was came forth about whether they intended thought they were a contractor or an employee is very importantly distinguishable because, you know, there again, there's been no response by plaintiff either before the trial court level or here in the reply brief on appeal that suggests how Mr. Fallaci's perspective was somehow pretextual or not legitimate or not for the reasons that he stated plaintiff's status as a whether or not they were a contractor or employee at Dante's or whether they thought they were a contractor or employee really hasn't been clear until today when it seems that plaintiff is now, you know, conceding that Dante's was clearly a relationship. Based on that ambiguity, Mr. Fallaci was, there's been no evidence to suggest that Mr. Fallaci was acting with some sort of ulterior basis and under the McDonnell Douglas test, that would mean that plaintiff's claims would fail on that alternative basis as well. So the question then is the record isn't very well developed as to all these relationships. So would there be a factual issue on that at this stage? Your Honor, the record is well developed we believe with respect to defendant's positions and defendant's arguments. You are correct that it's not well developed with respect to plaintiff's positions and that has to do with that's outlined in detail in our procedural with extensions and a whole lot of leeway being given by the court. The court was quite exasperated by their failure to do so and after our summary judgment motion was held for, I think it was a year, maybe over a year, the court finally decided that enough was enough and it needed to make a decision based on the record as it existed. So we believe the court was well within its discretion to make that decision, therefore the record as it exists, you know, may not be sufficient for plaintiff to fail because we don't believe that there's any evidence to support that, but any failing of the evidence or, you know, while we would have proven this if we'd had more time argument should also fail because plaintiff did have more time, had the chance to make that argument, and simply failed to do so through their own inaction. May I ask you what your interpretation of the statute is? I think you would have to agree that Mr. Felice is is any person, he's a person, right? He is a person. So we got something established, but does that person need to have the employer-employee relationship with an employee under section sub 3 of the statute if you discharge and discriminate against an employee? So in other words, in your view, does his relationship need to be between him and her at Dante's or at Sassy's, or could it be both? That's a good question, Your Honor. The way we understand that statute is similar to how the court interpreted it in the Arias case, which is that there has to be an employment relationship somewhere, and the person who's being accused of retaliation must have been acting, you know, clearly on behalf of the employer who is alleged to have done the wrong act. Here, Mr. Felice was not acting on Sassy's behalf. There's no credible fact to support that this was some sort of a later, you know, arbitrary or kind of punitive measure. In fact, a really important plaintiff had other contracts with Mr. Felice for presenting workplace culture trainings that were quite a bit more lucrative than this one-off $50 performance. Those contracts were retained. I want to ask you about that, Esther, how that figured in, in fact, that she could do these training videos, but she couldn't participate in this one kind of dance performance, right? Yeah, yeah, Your Honor. So that supports the position that Mr. Felice was not acting as an agent of Sassy's to punish plaintiff for bringing claims, but rather as very clearly a legitimate business person looking out for Dante's and trying to understand what plaintiff's position was when they danced, whether they considered a single song dance performance contract or employee status. Now that, that was up in the air based on plaintiff's claims. Could you articulate why it is that Felice wouldn't let her perform? What did he say? Well, the email is quite clear. And as I recall it, he said that the lawsuit against Sassy's brought into question whether plaintiff believed that they performed as a contractor or an employee for their one-off occasional performances at Dante's as both of them involved dancing. Now, they were very different types of dancing. Dante's was like a burlesque variety show. Sassy's is a strip club. But the reason was, you know, frankly, the law is just not terribly, they aren't easy for lawyers and judges to apply with economic realities. But the reality is, is that he, in effect, discharges or limits her role in dancing because she had filed a lawsuit over, am I a contractor or an independent or an employee, right? I mean, that's what's so odd here is that he's more honest than most. And you actually see in the email that the lawsuit is the reason she doesn't get to perform these other functions at Dante's. And that's because under the statute, she's filed a complaint or instituted a proceeding under this chapter. So the question is, you know, does she have to be an employee of Dante for that? Or does she have to be an employee of Sassy? I think that they would have to be, well, here's the important thing is that this actually came up in ARIAS when ARIAS was distinguishing, the ARIAS distinguished Dillinger via science applications. And the court expressly held that there's no perspective worker under the FLSA. That's the same situation we have here with respect to Dante's. Our position is that plaintiff would have to establish an employment relationship at Sassy's and that Mr. Fulaci would have, they would have had to present evidence suggesting that his decision to not have them perform one song at a variety show related to an effort to or punish or deter the types of claims that plaintiff was bringing. The cultural workplace trainings are important on that because if Mr. Fulaci's intent was to chill plaintiffs, you know, or to punish plaintiff for bringing claims against Sassy's, obviously those trainings would not have continued. It shows a very... Let me ask you, was she, vis-a-vis the trainings, was she an employee or an independent contractor? Hollis was a contractor. And I think that the understanding was that... Okay, let's just stop there. She's a contractor vis-a-vis the training videos. Correct. Is her status as a dancer that of a prospective employee and therefore under your position wouldn't be covered at all anyway? That would be our position, Your Honor, yes. That's an alternative basis for upholding the district court's decision, correct. But I mean, presumably under Arias, whether or not she was a contractor at Dante's, if, or we'll use the right pronouns, if they believe that they were an employer at Sassy's and that Mr. Felice did something because of the lawsuit that they had filed, that, why would that defeat a separate thing about prospective employment? I'm not sure I understand that point. I'm sure, Your Honor. So my understanding, our understanding is that the, well, real quick, so I can understand the question, sorry. Are you saying that you're presuming that, let's say Hollis establishes that they actually were an employee of Sassy's and then it gets to a tribal issue as to what motivated Mr. Felice from withdrawing the contract, whether it was in retaliation or for some completely independent basis, whether or not Hollis would also potentially be a prospective employee or something at Dante's shouldn't make a difference one way or the other. It shouldn't stop the retaliation lawsuit from happening, as I understand it. Well, Your Honor, our understanding is different, is that even if Plaintiff was an employee of Sassy's, that the loss of potential prospective work at Dante's would not constitute retaliation unless Mr. Felice was acting as an agent of Sassy's and acting with a retaliatory motive. I think the really important thing here, again, going back to the record, is that there's no evidence whatsoever in this case to support an argument that Mr. Felice was not acting for the reasons he stated in the email. Let me ask you one last question before, well, your time's running out. Does it matter in your view whether there is a pending FLSA claim or just one that had been filed in the past? Should that affect a retaliation claim at all one way or the other? Your Honor, I haven't briefed that specific issue and I'm not aware of any limitation regarding whether it's pending or not. But frankly, that's not something that we saw as an issue here. Okay. Thank you. Thank you for your candor. Let me see if my panel has anything. Thank you. All right. Mr. Christensen, we'll give you a couple minutes for rebuttal. Sure. And I think I kind of want to get back to a point I made earlier in the areas analysis. The areas analysis fits these circumstances because they adopted the Title VII analysis for an FLSA case. And they specifically cited that the retaliation can be beyond workplace retaliated, extends beyond workplace-related or employment-related retaliatory acts or harms. There was sufficient evidence here to show that the retaliation was due to her filing the lawsuit in SASIS. And in this analysis, it's all the evidence is taken and the light most favorable to my client. And so I think if you look at the breakdown, we're not asking the court to extend anything further. The district court didn't do that, those analysis. The district court focused pretty much exclusively on whether or not she was an employee of DODGS and ignored whether she was an employee of SASIS. And we think it should go back. There's additional evidence that perhaps wasn't in the record that shows that this retaliation was on top of it. Subsequently, SASIS through Mr. Felice sued in state court for defamation related to this case. And that case has been beat back, but that's further evidence showing that the acts at Dante's were retaliatory in nature. There's facts that show that in the record. This email shows it. You can read it in my client's favor saying, hey, you filed the lawsuit. I'm not giving you work. Great. We're done. Thank you. Counsel, thank you both for your helpful arguments. The matter will stand submitted.
judges: McKEOWN, PAEZ, SANCHEZ